NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 1, 2017
Decided July 12, 2017

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-2038

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 CR 732-3 |
| OMAR CORIA, *Defendant-Appellant.* | John Z. Lee, *Judge.* |

## O R D E R

Omar Coria appeals the denial of a "safety-valve" reduction of his sentence for conspiring to sell drugs. *See* 18 U.S.C. § 3553(f). The district court found that he was ineligible for the reduction because he lied to investigators about when he joined the conspiracy. The court imposed the statutory minimum of 120 months in prison, and we affirm that sentence.

In early 2012 Coria accepted his brother's invitation to join his cocaine- and heroin-trafficking business. By this time, however, law-enforcement officers already were investigating his brother's drug operation and intercepting his cell-phone calls. In

several intercepted calls between February 21 and March 5, 2012, Coria and his brother discussed drug transactions using terminology from their auto-mechanic jobs to code their conversations about selling cocaine (e.g., they used the words "motor" and "oil" to communicate about drugs). They were eventually arrested while towing a car containing 20 kilograms of secreted heroin.

A jury convicted Coria of conspiring to distribute and to possess with intent to distribute cocaine and heroin (Count 1), 18 U.S.C. §§ 846, 841(a)(1); possessing with intent to distribute cocaine (Count 2), *id.* § 841(a)(1); and using a cell phone in the conspiracy (Count 3), *id.* § 843(b). Counts 1 and 2 carried statutory minimums of 120 months and 60 months, respectively. *See* 21 U.S.C. § 841(b)(1)(A).

Coria repeatedly pressed the government to interview him so that he could proffer what he knew about the conspiracy and thereby qualify for a safety-valve reduction below the statutory-minimum sentence. *See* 18 U.S.C. § 3553(f). The government, after some passage of time, eventually agreed to hear him out. At the interview Coria told investigators that the first and only time he agreed to sell any drugs was on February 21, 2012. On that day, according to Coria, his brother asked him if he would deliver a bag containing "a little bit of drugs" to two unnamed customers for $24,500. Coria agreed and his brother brought a plastic bag filled with drugs to Coria's home. Coria claimed not to know the drug type. The next day the customers arrived at Coria's house but rejected the drugs, saying they were "no good." After the customers left, Coria's brother came to the house and tried to make the drugs appear of higher quality by repackaging them. Only at that time, Coria said, did his brother tell him that the bag contained cocaine. The customers returned to Coria's house a week later, but they again rejected the cocaine as poor quality. Coria's brother then retrieved the bag of cocaine. Coria told investigators that this was the full extent of his involvement in the conspiracy. He acknowledged, however, that in January—the month before this transaction—he saw two square packages wrapped in black tape at his brother's home. He was aware that the packages contained drugs, but he claimed not to know the drug type, price, source, or final destination.

At sentencing Coria argued that he qualified for the safety valve because he made a complete and truthful proffer. The safety valve allows certain nonviolent, first-time drug offenders to escape an otherwise applicable statutory-minimum sentence if they have cooperated in good faith with investigators. 18 U.S.C. § 3553(f); *United States v. Rebolledo-Delgadillo*, 820 F.3d 870, 879 (7th Cir. 2016). The government objected, arguing

that the intercepted calls showed that Coria lied in his proffer about when he joined the conspiracy and his role in it.

At sentencing the district court denied safety-valve relief, concluding that Coria's proffer was inconsistent with evidence from the intercepted calls. In the safety-valve interview, Coria denied being involved in any drug sales before February 21, but his statements in two calls intercepted on February 22 reflected otherwise. In those calls he said that "motors"—code for drugs—were "wrapped" differently than "motors from the other time" and were "more soft" and "simpler." The judge concluded that those phone calls referred to at least one drug transaction that preceded the date on which he said he joined the conspiracy.

The judge sentenced Coria to the 120-month statutory minimum, below the probation officer's calculated guidelines range of 151 to 199 months. Had Coria qualified for the two-level safety-valve reduction, his guidelines range would have been 121 to 151 months. *See* U.S.S.G. §§ 2D1.1(b)(17), 5C1.2 (2014).

On appeal Coria challenges the denial of safety-valve relief and specifically contests the district court's finding that he lied in his proffer about the date on which he joined the conspiracy. Coria argues that the court misinterpreted his statements from intercepted calls. He maintains that when he described a "motor" as "more soft" than one from "another time" (i.e., before February 21), he was only referring to the appearance of the package he saw at his brother's home in January.

A sentencing court "shall" grant safety-valve relief if the defendant proves by a preponderance of the evidence that five criteria are met, *United States v. Montes*, 381 F.3d 631, 634 (7th Cir. 2004), and here only the fifth criterion is at issue: whether "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). The record supports the judge's conclusion that Coria, in an intercepted phone call with his brother, discussed his involvement in a drug transaction that occurred before February 21, the date on which he claimed he joined the conspiracy. Coria was speaking about the feel of drugs, not their appearance, when he said the "motor" in the earlier transaction was wrapped differently "[a]nd it was more, more soft." "Soft" in the narcotics trade, according to an agent who testified at trial, is a measurement of drug quality based on the feel of drugs.

The intercepted statement is evidence that Coria knew how to assess drug quality before the date on which he claimed to have joined his brother's drug business. This

evidence supports the judge's conclusion that Coria lied in his proffer about his start date with the conspiracy. *See Rebolledo-Delgadillo*, 820 F.3d at 880 (affirming denial of safety valve because evidence "casted doubt" on defendant's statement to investigators that he had not sold drugs before the instant offense); *United States v. Sandoval*, 747 F.3d 464, 469 (7th Cir. 2014) (affirming denial of safety valve where defendant's recorded conversation was inconsistent with his interview statement that he was unaware of the presence of cocaine in a package he carried).

AFFIRMED.